



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| Bart C. Munyan,<br>　　　　Employee,<br><br>v.<br><br>PCL Industrial Construction Co.,<br>　　　　Employer,<br>And<br><br>Old Republic Ins. Co.,<br>　　　　Carrier. | ) Docket No.: 2015-01-0255<br>)<br>)<br>) State File No.: 68808-2015<br>)<br>)<br>) Judge Thomas Wyatt<br>)<br>)<br>)<br>) |

## EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

This case came before the undersigned Workers' Compensation Judge on May 10, 2016, upon the Request for Expedited Hearing filed by the employee, Bart C. Munyan, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The hearing focused on whether Mr. Munyan submitted sufficient evidence to establish he is likely to prevail at a hearing on the merits that his injury arose primarily out of and in the course and scope of employment. For the reasons set forth below, the Court finds Mr. Munyan is not entitled to the requested medical and temporary disability benefits.[1]

### History of Claim

Mr. Munyan is a forty-two-year-old resident of Bradley County, Tennessee. (T.R. 1 at 1.) He alleged that, on March 21, 2015, he broke his jaw and injured his shoulder when he lost consciousness and fell at a friend's house. On that date, Mr. Munyan worked for PCL Industrial Construction Co. (PCL) at the construction site of the Wacker Chemical plant in Bradley County, Tennessee. (T. R. 1 at 1; Ex. 6 at 1.) In his Petition for Benefit Determination, Mr. Munyan described the alleged causal link between his fall and his work at PCL as follows: "Due to illegal, unsanitary, and disrespectful (sic)

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

1

work conditions, i (sic) suffered extreme dehydration, a sinus infection, and an ear infection that resulted in a fall and broken jawbone." *Id.*

PCL hired Mr. Munyan on February 9, 2015. (Ex. 4.) PCL's pay records indicated Mr. Munyan worked between forty-seven to sixty hours per week during each of the six weeks he worked for PCL before the date of the alleged injury. (Ex. 5.) Mr. Munyan testified the number of hours dedicated to the job exceeded the paid hours in PCL's records by two to four hours per day because of the time spent in traffic jams created by several hundred PCL employees arriving for and leaving work at the same time.

In the affidavit he filed with his Request for Expedited Hearing, Mr. Munyan listed the following factors that allegedly connected his work at PCL to the illnesses that he claims caused him to lose consciousness and fall:

1. PCL transported him and other co-employees to and from the job site in school buses designed for children. This required him to sit in an environment with insufficient fresh air while exposed to the coughs and sneezes of co-employees. (Ex. 1 at 2;)

2. PCL required all employees to touch a hand scanner to enter the job site. PCL did not provide a station for employees to wash their hands before using the hand scanner and did not sanitize the scanner after each employee used it. *Id.*

3. The traffic jams that occurred while arriving and leaving the worksite caused stress and exhaustion. *Id.*

4. PCL would not allow employees to bring their own water to the worksite and, if it provided water at all, provided it in dirty kegs. *Id.* at 3;

5. Earlier during the week prior to the date Mr. Munyan fell, he worked with a sick employee. The foreman sent the employee to sick call and Mr. Munyan did not see him again. *Id.* at 4.

6. PCL did not let Mr. Munyan go to sick call to determine if working closely to the sick employee infected him. *Id.*

Mr. Munyan testified consistently with the above allegations during the Expedited Hearing.

Mr. Munyan fell on Saturday, March 21, 2015. (Ex. 1 at 1.) According to records introduced by PCL, Mr. Munyan worked all five work days between March 16 and

2

March 20. (Ex. 8 at 34-38.) Mr. Munyan signed Post Task Review documents at the end of each shift he worked between March 16 and March 20. *Id.* On each document, he acknowledged by signature that no injury or unplanned incident occurred on the day in question. *Id.* Mr. Munyan testified he signed the documents because PCL would have fired him had he refused. Irrespective of what his signature on the Post Task Review documents might indicate, Mr. Munyan testified he orally communicated to his foreman his concerns about the unhealthy conditions on the worksite.

Mr. Munyan testified he felt ill the entire day of March 21, 2015. He believed the illness related to his long hours of work in unhealthy conditions at PCL. He stated he went to a friend's house to watch a movie, but continued to feel ill while there. He stated he tried a couple of sips of beer, but felt so bad he did not consume even one beer. Mr. Munyan stated he stood at his friend's house, lost consciousness and fell onto his face breaking his jaw and sustaining a bump on his head.

Mr. Munyan testified he sought medical care at the emergency department of Skyridge Medical Center in Cleveland, Tennessee following the fall. The Skyridge records[2] indicate Mr. Munyan arrived at 9:42 a. m. on March 22, 2015, complaining of facial swelling that occurred in a fall on March 21, 2015. (Ex. 2 at 7.) The records indicate Mr. Munyan gave a history of falling "at home" and that he described a syncopal episode lasting three seconds as the reason he fell. *Id.* at 10. A CT Scan of the maxillofacial region revealed Mr. Munyan had sinusitis and suffered "an acute fracture dislocation of the left temporal mandibular joint." *Id.* at 3. The records do not document that Mr. Munyan gave a history that conditions at work caused his illness or contributed to his fall.[3]

On March 27, 2015, Mr. Munyan e-mailed Rosie Cortazar at PCL complaining about his termination "due to medical reasons." (Ex. 3.) Mr. Munyan began the e-mail by stating "I had an accident offsite and had to go to several medical appointments and had surgery." *Id.* PCL's HR Manager at the Wacker site testified by affidavit that Mr. Munyan's e-mail to Ms. Cortazar was the only notice PCL received regarding the reason he did not report to work after March 20, 2015. (Ex. 9 at 2.)

---

[2] PCL's counsel objected to Mr. Munyan's introduction of the Skyridge records. Counsel acknowledged that Tennessee Compilation Rules and Regulations 0800-02-21-.16(6)(b) (2015) allows the Court to admit medical records bearing the signature of a physician, but objected that several of the pages encompassed in the Skyridge records did not bear a physician's signature. The Court overruled the objection and admitted the records into evidence because a sufficient number of the pages of the records contained physician signatures to give the Court confidence the records accurately described the treatment Mr. Munyan received at Skyridge Medical Center on March 22, 2015.

[3] Mr. Munyan testified he eventually had his jaw wired shut at a Veteran's Administration facility. He testified the injury rendered him unable to work for a period of time.

**Findings of Fact and Conclusions of Law**

The Court applies the following general legal principles in determining the issues in this Expedited Hearing. Mr. Munyan bears the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). He need not, however, prove every element of his claim by a preponderance of the evidence in order to obtain relief at an Expedited Hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Rather, he has the burden to come forward with sufficient evidence from which the Court can determine that he is likely to prevail at a hearing on the merits in establishing that his injury arose primarily out of and in the course and scope of his employment. *Id.* This lesser evidentiary standard does not relieve Mr. Munyan of the burden of producing evidence of a compensable injury, but allows the Court to grant some relief if that evidence does not rise to the level of a preponderance of the evidence. *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

Tennessee Code Annotated section 50-6-102(14) (2015) defines a compensable injury under the Workers' Compensation Law as "an injury by accident." Tenn. Code Ann. § 50-6-102(14) (2015). Subsection (A) of section 50-6-102(14) defines an "accidental" injury as one "caused by a specific incident or set of incidents arising primarily out of and in the course and scope of employment, and . . . identifiable by time and place of occurrence". Subsections (B) and (C) of section 50-6-102(14) require that the alleged work injury and any disablement or treatment necessitated thereby "[arise] primarily out of and in the course and scope of employment" and that the "employment [contribute] more than fifty percent (50%) in causing the [alleged injury], considering all causes." Finally, the above-cited statute mandates that the definitional requirements of a compensable injury "be shown to a reasonable degree of medical certainty." Tenn. Code Ann. § 50-6-102(14)(A),(C) (2015).

In *Willis v. All Staff,* No. 2014-05-0005, TN Wrk. Comp. App. Bd. LEXIS 42, at *27-8 (Tenn. Workers' Comp. App. Bd. Nov. 9, 2015), the Workers' Compensation Appeals Board held the statutory language cited above requires an employee to establish, by medical expert proof, a causative link between an alleged injury and the employee's work. *See also Sirkin v. Trans Carriers, Inc.,* No. 2015-08-0292, 2016 TN Work. Comp. App. Bd. LEXIS 22, at *7-8 (Tenn. Work. Comp. App. Bd. May 9, 2016) (vacating a finding of causation made in the absence of a supporting medical expert opinion); and *Cullum v. K-Mac Holding Corp. d/b/a Taco Bell, No. 2014-07-0006, 2014 TN Wrk. Comp. App. Bd. LEXIS 7, at *12 (Tenn. Workers' Comp. App. Bd. December 23, 2014)* (holding the mere recordation in a medical record that a patient described an on-the-job

4

injury is insufficient to prove work-relatedness when the record does not contain a specific expert medical opinion causally linking the described work incident to the injury the patient sustained.)

The law clearly places the burden on Mr. Munyan to prove, by expert medical proof, that he sustained disability and the need for medical care due to his alleged work-related injury. He did not do so. The only medical records Mr. Munyan introduced in support of his claim were those documenting emergency treatment he received from Skyridge Medical Center the day after he fell at a friend's house. These records do not record that Mr. Munyan claimed his fall occurred due to adverse and unhealthy work conditions. The records do not provide a hint of a medical expert opinion supporting a causal relationship between the off-work fall and the conditions of his work at PCL. Accordingly, the Court finds Mr. Munyan did not establish that, at a hearing on the merits, he would likely prevail in showing that his fall arose primarily out of and in the course and scope of employment.[4] The Court therefore denies, at this time, Mr. Munyan's request for an interlocutory award of medical and temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Munyan's request for an interlocutory order of medical and temporary disability benefits is at this time denied.

2. This matter is set for an Initial (Scheduling) Hearing on July 20, 2016, at 9:00 a.m. Eastern Time. The parties shall call in to 855-747-1721 (toll-free) or 615-741-3061 to participate.

**ENTERED this the 18th day of May, 2016.**

**Thomas Wyatt, Judge**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Thomas Wyatt, Court of Workers' Compensation Claims. You must call 855-747-1721 (toll-free) or 615-741-3061 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without**

---

[4] This decision makes it unnecessary for the Court to decide PCL's lack of timely notice defense.

**your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order Denying to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the Workers' Compensation Judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within

five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

Exhibits:

1. Affidavit of Bart C. Munyan;
2. Medical records from Tennova Healthcare-Cleveland/Skyridge Medical Center;
3. March 27, 2015 e-mail from Bart Munyan to Rosie Cortazar;
4. First Report of Injury;
5. Wage Statement with attached pay records;
6. Job Description;
7. Project Work Rules and Acknowledgement signed by Bart Munyan;
8. Affidavit of Linda Oates, with attachments; and
9. Affidavit of Billy Guthrie, with attachment.


Technical record:[5]

1. Petition for Benefit Determination, filed August 31, 2015;
2. Dispute Certification Notice, filed October 9, 2015;
3. Response of Mr. Munyan to Dispute Certification Notice, filed October 9, 2015;
4. Position Statement of Employer, filed October 9, 2015;
5. Show Cause Order, filed February 11, 2016;
6. Request for Expedited Hearing, filed March 23, 2016; and

---

[5] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the expedited hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

7. Order Scheduling In-Person Expedited Hearing, filed April 4, 2016.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Medical and Temporary Benefits was sent to the following recipients by the following methods of service on this the 18th day of May, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Bart Munyan, self-represented | | | X | munyanb@yahoo.com; |
| Ford Little, Attorney For Employer | | | X | flittle@wmbac.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

8